Argued May 9, reversed and remanded June 13, 1974

STATE OF OREGON, *Respondent, v.* GERALD
THEODORE MACOMBER, *Appellant.*

523 P2d 560

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed a brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
W. Michael Gillette, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

Defendant was charged with the crime of unauthorized use of a vehicle (ORS 164.135). He was found guilty and appealed to the Court of Appeals, which affirmed the judgment of conviction. *State v. Macomber,* 16 Or App 54, 517 P2d 344 (1973).

Police officers, using a search warrant, appeared at defendant's truck repair shop and seized a large number of parts of a partially disassembled 1971 Mack log truck. Most of these parts were identified as coming from a truck which had been stolen at Walterville, Oregon.[1] Defendant was charged with the violation of ORS 164.135, which provides as follows:

"(1) A person commits the crime of unauthorized use of a vehicle when:

"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat, or aircraft without consent of the owner; or

"(b) Having custody of a vehicle, boat or aircraft pursuant to an agreement between himself or another and the owner thereof whereby he or another is to perform for compensation a specific service for the owner involving the maintenance, repair or use of such vehicle, boat or aircraft, he

---

[1] There was evidence presented from which the jury could conclude that the serial numbers of the frame, brakes, starter, air compressor and cab axles of the truck in defendant's possession matched those of the Walterville truck. Only the first three digits of the seven-digit transmission serial number were legible, but they matched that truck also. The legible serial number on the engine at defendant's shop did not match that of the stolen truck, although it displayed signs of tampering and in fact matched the number of an engine which at all times was in the possession of other persons.

intentionally uses or operates it, without consent of the owner, for his own purpose in a manner constituting a gross deviation from the agreed purposes; or

"(c) Having custody of a vehicle, boat or aircraft pursuant to an agreement with the owner thereof whereby such vehicle, boat or aircraft is to be returned to the owner at a specified time, he knowingly retains or withholds possession thereof without consent of the owner for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.

"(2) Unauthorized use of a vehicle, boat or aircraft is a Class C felony."

■ The Court of Appeals correctly interpreted this statute as being broad enough to include situations in which the exercise of control over an operable vehicle consists of something less than the operation of the vehicle. The court recognized, however, that a violation of the statute would not be made out by proof of defendant's possession only of separate parts of the truck and that it would be necessary to prove the exercise of control over an integral operable vehicle. The Court of Appeals decided that there was evidence of the exercise of control over an operable vehicle. In doing so the court said, "Additionally, we note that the arresting officers testified that defendant admitted the Walterville truck, which he was rebuilding, was in running order when he first acquired it. This is clearly sufficient evidence to support a finding that a vehicle rather than a few 'truck parts' was involved here." (517 P2d at 346.)

■ We have carefully read the transcript in search of the testimony referred to by the Court of Appeals

but we have been unable to find it.[2] There is no evidence which either directly or by inference shows that defendant exercised control over the Walterville truck as a single operable unit. It is impossible to determine from reading the transcript how defendant acquired the truck parts which were identified by the police officers as having come from the Walterville truck. It is, of course, possible that defendant drove the truck from Walterville to his shop. It is also possible that he towed the truck while inoperable to this shop, or dismantled the truck at Walterville and carried the parts away. It is even possible that some one else stole the

---

[2] On oral argument the state indicated that the following transcript excerpt supplied the admission:

"Q   Did you specifically ask him questions about the log truck or the truck that was sitting in the shop?
"A   Yes, I did.

"Q   Would you state what these were and what the conversation was concerning them?
"A   Yes. He said he bought this truck as a wreck and that he was rebuilding it from the bottom up. He said that after he completed the truck, he was going to sell this to a logger by the name of Keith Lucas for approximately $12,500 or it could reach 13,000, depending upon the extras that he may put on it. And he said that he had had the truck for approximately three months

"Q   He was referring to the truck that was sitting there in his shop?
"A   Yes. He told me that as you see it, this is the way I acquired it but in addition to that, it had a log truck frame which was on the outside of the building, setting on top of this when he got it. He told me that he put the frame that's under there now under the truck

"Q   Meaning that he had put that together?
"A   Yes. He also told me that the I.D. plate that was on that truck was there when he got it and he also told me that the motor was in the truck when he received it along with the radiator, drive lines, transmission, frame and cab and, of course, the engine. * * *"

This is clearly at most an admission that the defendant obtained possession of a wrecked truck, which would not constitute a vehicle capable of operation.

truck, dismantled it and sold the parts to defendant. The evidence strongly suggests that defendant did not innocently acquire the stolen truck parts and that he is guilty of some form of the crime of theft. But the state did not establish the elements necessary to find defendant guilty of violating ORS 164.135.

There being no evidence to support the charge, the decision of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals with directions to reverse the judgment of the trial court.

TONGUE, J., specially concurring.

I concur in the reversal of the conviction in this case because I agree that the evidence was insufficient. I do not agree, however, with the apparent assumption by the majority to the effect that ORS 164.135 is confined in its application to "operable vehicles" and thus, for example, would have no application to a car without a battery or with a flat tire.

BRYSON, J., joins in this special concurring opinion.