Argued and submitted August 31, affirmed October 12, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID KEVIN BLAIR,
*Appellant.*

(No. C 80-11-34041, CA A20605)

634 P2d 491

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Rudolph S. Westerband, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for Unauthorized Use of a Vehicle. ORS 164.135.[1] He was discovered tampering with a motorcycle in a vacant lot. The motorcycle had been stolen from a residence about 22 blocks away. The handlebar and battery wires had been cut. Although the owner had removed the battery and the ignition key from the vehicle before it was stolen, the wrong size battery had been installed by the time defendant was arrested. When arrested, defendant was, by his own admission, attempting to start the motorcycle. The vehicle's owner testified that she did not know whether it could have been started without an ignition key, given its then existing condition. Defendant claims that an inoperable motorcycle is not a "vehicle," as that term is used in ORS 164.135. We disagree.

Defendant cites *State v. Macomber,* 269 Or 58, 523 P2d 560 (1974), for the proposition that ORS 164.135 concerns only completely operable vehicles. We do not read *Macomber* to construe the statute so narrowly. There the defendant was convicted under ORS 164.135 for unauthorized possession of several parts of a partially disassembled, stolen log truck. This court upheld the conviction under the assumption that the truck was operable when the

---

[1] ORS 164.135 provides:

"(1) A person commits the crime of unauthorized use of a vehicle when:

"(a) He takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner; or

"(b) Having custody of a vehicle, boat or aircraft pursuant to an agreement between himself or another and the owner thereof whereby he or another is to perform for compensation a specific service for the owner involving the maintenance, repair or use of such vehicle, boat or aircraft, he intentionally uses or operates it, without consent of the owner, for his own purpose in a manner constituting a gross deviation from the agreed purpose; or

"(c) Having custody of a vehicle, boat or aircraft pursuant to an agreement with the owner thereof whereby such vehicle, boat or aircraft is to be returned to the owner at a specified time, he knowingly retains or withholds possession thereof without consent of the owner for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement.

"(2) Unauthorized use of a vehicle, boat or aircraft is a Class C felony."

defendant first acquired it. Unable to find any such evidence in the record, the Supreme Court reversed, explaining "[t]here is no evidence which either directly or by inference shows that defendant exercised control over the Walterville truck as a *single, operative unit.*" 269 Or at 61. (Emphasis supplied.)

The Supreme Court held that parts of a disassembled vehicle did not constitute a "vehicle" as used in ORS 164.135, but did not further restrict the meaning. The court employed "single, operative unit" merely to distinguish *parts* of a motor vehicle from an assembled, identifiable vehicle. It did not further limit the definition of "vehicle" to require that the vehicle be completely operable as well as assembled. If it did, it could simply have used "operable" alone.

The narrow definition urged by defendant would render ORS 164.135 inapplicable to an unauthorized use of a vehicle merely because the vehicle was out of gasoline, did not have spark plugs or had flat tires. Proof of the crime would require proof that the car was in operating order in every respect. We find nothing in *Macomber* suggesting that the Supreme Court intended such a restrictive interpretation.[2] *See also, State v. Essig,* 31 Or App 639, 571 P2d 170 (1977), *rev den* (1978).

Defendant was found tampering with an assembled, identifiable vehicle. Notwithstanding the fact that it was not then capable of operation, his acts fall within the prohibition of ORS 164.135.

Affirmed.

---

[2] In a concurring opinion, Justice Tongue, joined by Justice Bryson, wrote:

"I concur in reversal of the conviction in this case because I agree that the evidence was insufficient. I do not agree, however, with the apparent assumption by the majority to the effect that ORS 164.135 is confined in its application to 'operable vehicles' and thus, for example, would have no application to a car without a battery or with a flat tire." *State v. Macomber, supra,* 269 Or at 62.

Unlike the concurring judges in *Macomber,* we do not find in the majority opinion any assumption that the unauthorized use of a car without a battery or with a flat tire would not be prohibited by ORS 164.135.