Argued and submitted June 25, 2015, affirmed April 20, petition for review allowed August 4, 2016 (360 Or 235)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**THOMAS ELDON EASTEP,**
*Defendant-Appellant.*

Coos County Circuit Court
13CR0802; A155418

371 P3d 1287

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Nora Coon, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Assistant Attorney General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Defendant, who was convicted after a jury trial of unauthorized use of a vehicle (UUV), ORS 164.135, assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) and to the court's rejection of his requested jury instruction that, to establish the offense of UUV, the state must prove that the vehicle in question was "a 'single operable unit.'" For the reasons explained below, we conclude that the trial court did not err and we therefore affirm the judgment of conviction.[1]

In reviewing the trial court's denial of defendant's MJOA, we view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found the facts necessary to establish the elements of the crime beyond a reasonable doubt. *State v. Jones*, 223 Or App 611, 613, 196 P3d 97 (2008), *rev den*, 345 Or 618 (2009). We review the trial court's rejection of defendant's requested jury instruction for legal error. *State v. Wan*, 251 Or App 74, 80, 281 P3d 662 (2012). Defendant was entitled to the requested instruction if it correctly stated the law and if there was evidence, viewed in the light most favorable to defendant, to support it. *Id.*

Without the owner's consent, defendant sold a pickup for scrap metal and had it towed. Based on that conduct, he was charged with unauthorized use of a vehicle, as defined in ORS 164.135(1):

"A person commits the crime of unauthorized use of a vehicle when:

"(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle *** without consent of the owner[.]"

The indictment alleged that defendant unlawfully and knowingly exercised control over a vehicle without the owner's consent. Defendant did not dispute that he exercised control over the pickup when he sold it and had it towed. But defendant offered evidence that, at the relevant time, the

---

[1] Defendant was also convicted of second-degree theft and false swearing; he does not challenge those convictions.

pickup was not operable, because the engine, transmission, and clutch were not working. Citing the Supreme Court's opinion in *State v. Macomber*, 269 Or 58, 523 P2d 560 (1974), defendant contended that, to establish that he exercised control over a "vehicle" for purposes of ORS 164.135(1), the state must prove that the pickup was operable.

In *Macomber*, the defendant was convicted of UUV under ORS 164.135 based on evidence that he possessed parts of a stolen truck. *Id.* at 59. The Supreme Court reversed his conviction. The court stated that "a violation of the statute would not be made out by proof of defendant's possession only of separate parts of the truck and that it would be necessary to prove the exercise of control over an integral operable vehicle." *Id.* at 60. The court explained that there was "no evidence which either directly or by inference shows that defendant exercised control over the [stolen] truck as a single operable unit." *Id.* at 61.[2]

Based on *Macomber*, defendant here sought an MJOA. He also requested an instruction that, to convict, the jury had to find that the pickup was a "single operable unit."

The trial court rejected defendant's motion and declined to give the requested jury instruction, citing this court's opinion in *State v. Blair*, 54 Or App 228, 634 P2d 491 (1981), which had interpreted *Macomber* to not impose a requirement of operability. In *Blair*, the defendant was found to have been attempting to start a stolen motorcycle. The motorcycle would not start because it had the wrong battery and there was no ignition key. The defendant was convicted of UUV under ORS 164.135. Citing *Macomber*, the defendant contended on appeal that he could not be convicted, because the motorcycle was not operable. In upholding the defendant's conviction in *Blair*, we distinguished *Macomber*.

---

[2] In a specially concurring opinion, Justice Tongue wrote:

"I concur in the reversal of the conviction in this case because I agree that the evidence was insufficient. I do not agree, however, with the apparent assumption by the majority to the effect that ORS 164.135 is confined in its application to 'operable vehicles' and thus, for example, would have no application to a car without a battery or with a flat tire."

269 Or at 62 (Tongue, J., specially concurring).

We explicitly rejected the *Macomber* concurrence's understanding that the *Macomber* majority assumed that "the unauthorized use of a car without a battery or with a flat tire would not be prohibited by ORS 164.135." *Blair*, 54 Or App at 231 n 2. *Id.* We explained in *Blair* that, contrary to the view expressed by the concurrence, the rationale for the majority opinion in *Macomber* had not been the fact of inoperability but the fact that there was no single, assembled vehicle:

> "The court employed 'single operative unit' merely to distinguish *parts* of a motor vehicle from an assembled, identifiable vehicle. It did not further limit the definition of 'vehicle' to require that the vehicle be completely operable as well as assembled. If it did, it could simply have used 'operable' alone."

*Blair*, 54 Or App at 231 (emphasis in original).

The trial court in this case followed our reasoning in *Blair* in denying defendant's MJOA, explaining that *Macomber* turned on the fact that the vehicle had been disassembled—*i.e.*, there was no *single* vehicle—and did not impose a requirement under ORS 164.135 that the vehicle be operable.

On appeal, defendant contends that *Macomber* in fact imposed a requirement of operability, that this case is controlled by *Macomber*, and that *Blair* is either distinguishable from or inconsistent with *Macomber*. The state responds that *Blair*'s interpretation of *Macomber* is correct, because ORS 164.135 contains no requirement that a vehicle be operable. Further, the state contends, even if defendant's interpretation of *Macomber* and ORS 164.135 is plausible, *Blair* is not "plainly wrong" and should be adhered to. *State v. Smith*, 261 Or App 665, 678, 322 P3d 1129, *rev den*, 355 Or 880 (2014) (prior opinion of court will be adhered to unless plainly wrong).

We agree with the state that *Blair* is not plainly wrong. *Blair*'s interpretation of the Supreme Court's opinion in *Macomber* as not imposing a requirement of operability is a plausible one. As we said in *Blair*, the text of ORS 164.135 does not contain a requirement that a vehicle be "operable." 54 Or App at 231. Additionally, the legislative history does not

reflect an intention to so limit the statute's application. As we noted in *State v. Essig*, 31 Or App 639, 644, 571 P2d 170 (1977), *rev den*, 281 Or 323 (1978), the Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 143 (July 1970) reflects that the drafters of ORS 164.135 deliberately refrained from applying a restrictive definition of "vehicle." *See also State v. Lasky*, 259 Or App 307, 310 n 4, 314 P3d 304 (2013), (noting that the Commentary § 134 at 142-43, explains that "[t]he first draft of the [UUV] section limited its coverage to 'motor-propelled' vehicles only; however, the Commission believed that the proposal should also protect owners of such things as trailers, sailboats and gliders"). In the absence of a statutory definition, in *Essig*, we applied the "ordinary" meaning of the term "vehicle," which we described as "a means of transporting something." *Id.* at 644; *see also State v. Keys*, 41 Or App 379, 381, 597 P2d 1266 (1979) (same). That ordinary meaning does not specify whether an object generally recognized as a vehicle must be "operable" to be a "vehicle" for purposes of the crime of UUV.[3]

Adhering to our holding in *Blair*, we conclude that ORS 164.135 does not require the state to prove that the vehicle over which defendant exercised control was operable. The trial court, therefore, did not err in declining to give defendant's requested jury instruction that the vehicle must be operable. And, based on the evidence that defendant sold and had towed a pickup without the owner's consent, the jury could find that defendant took control of a "vehicle" under ORS 164.135, despite the fact that the pickup was not operable. Therefore, the trial court did not err in denying defendant's MJOA.

Affirmed.

---

[3] We have previously quoted the definition of "vehicle" contained in the Oregon Vehicle Code, ORS 801.590, in describing the meaning of "vehicle" for purposes of the defendant's UUV conviction for towing a trailer without the owner's consent. *Jones*, 223 Or App at 622. ORS 801.590 defines a "vehicle" as "any device in, upon or by which any person or property is or may be transported or drawn upon a public highway and includes vehicles that are propelled or powered by any means." In *Jones*, however, the defendant conceded that the trailer was a "vehicle," and we did not expressly construe "vehicle" for purposes of UUV as having the meaning set out in ORS 801.590—a statute enacted later than ORS 164.135 and expressly applicable only to the Vehicle Code. 223 Or App at 622.