Argued and submitted April 24, conviction affirmed, remanded for resentencing November 20, 1985, reconsideration denied January 3, petition for review denied January 22, 1986 (300 Or 478)

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT STEPHEN SELLERS,
*Appellant.*

(33331; CA A33519)

709 P2d 768

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Linda J. DeVries, Assistant Attorney General, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for unauthorized use of a vehicle. ORS 164.135. He assigns as error the trial court's refusal to give the "less satisfactory evidence" instruction which he had requested. He also assigns error to the court's fixing of the amount and the method of making restitution payments. We affirm the conviction and remand for resentencing with respect to restitution.

On April 21, 1983, a van was stolen from a Salem car dealer. The next morning an employe of the car dealer saw the van at a gas station. Defendant was driving. The employe followed the van until it stopped near some railroad tracks in Polk County. He then contacted the police. When police arrived at the scene, defendant was gone. Three other persons were taken into custody. Police mistakenly believed that a fourth person was in the van, fired a tear gas canister through its rear window and damaged the van. The van was then towed back to Salem.

Defendant testified that, while he and some new friends were drinking, they all decided to go for a ride in the van. Defendant also testified that he offered to drive the van because the others were drunk but that only after he had started to drive did he learn that it was stolen. He testified that he left the van with his friends somewhere in West Salem in Polk County.

Defendant was convicted in a jury trial and sentenced to three years' imprisonment, to be served concurrently with a previous sentence. Further, he was ordered to pay $1,627.66 in restitution for all the damage to the van.

■■ At trial, defendant requested the following instruction:

"You are instructed that evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of the State to produce, and therefore if weaker and less satisfactory evidence is offered by the State when it appears that stronger and more satisfactory evidence was within the power of the State to produce, the evidence offered should be viewed with distrust."

The court refused, because the record did not show that

stronger evidence was available to the state. Although defendant claimed that others were involved in his crime, it was not incumbent upon the state to seek out his friends to testify against him. Defendant relies on the case of *State v. Mains,* 295 Or 640, 669 P2d 1112 (1983), but it is inapposite. The court's refusal to give the instruction was not error because the record does not indicate that the state had and failed to produce stronger evidence. *See State v. Woodfield,* 62 Or App 69, 73-74, 659 P2d 1006, *rev den* 295 Or 259 (1983); *State v. Brock,* 53 Or App 785, 790, 633 P2d 805 (1981), *aff'd* 294 Or 15, 653 P2d 543 (1982); *State v. Harwood,* 45 Or App 931, 609 P2d 1312, *rev den* 289 Or 337 (1980).

■■ In his second assignment of error, defendant asserts that the court exceeded its statutory authority by ordering him to pay restitution for damage to the van that occurred when he was not present. Defendant claimed that the van was not damaged during the time that he drove it but that it was damaged *before* he drove it and damaged again by the police tear gas canister *after* he had departed. The court based its restitution order on ORS 137.106(1):

> "When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

ORS 137.103 provides the relevant definitions:

> "(1) 'Criminal activities' means any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant.
>
> "(2) 'Pecuniary damages' means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

Defendant asserts that, because the van was not damaged during his "unauthorized use," the damage did not *result from*

his criminal activity and he should not be ordered to make restitution.

ORS 137.103(2) limits the acts for which a defendant can be ordered to pay restitution for the offense for which he was convicted and any acts he admits. Defendant was indicted for unauthorized use of a motor vehicle "on or about the 22nd of April, 1983." Although the van was stolen on April 21, the state only offered evidence of defendant's use on April 22. His conviction was for use of the vehicle on April 22, 1983, and he did not admit to any other use. Accordingly, he can be sentenced to restitution for pecuniary damages to the vehicle that resulted from his April 22 use. *See State v. Armstrong,* 44 Or App 219, 605 P2d 736, *rev den* 289 Or 45 (1980); *State v. Cox,* 35 or App 169, 581 P2d 104 (1978).

There is evidence from which the court could find that any damage to the vehicle which occurred *during* and *after* defendant's unauthorized use resulted from his "criminal activities" and is "pecuniary damage" under ORS 137.103(2).[1] There is, however, no evidence and no finding of the court that all the damage to the vehicle occurred during or after defendant's unauthorized use. Accordingly, there is no evidence from which the court could conclude that all the damage to the vehicle resulted from defendant's criminal activities.[2] On this record, the court should not have imposed restitution for the entire damage.

Conviction affirmed; remanded for resentencing.

---

[1] Damages to the vehicle which occurred during and after defendant's unauthorized use are "pecuniary damages" under ORS 137.103(2), because they are special damages that the owner could recover against defendant in an action for trespass or conversion.

[2] The court's comments suggest that it overlooked the statute's requirement respecting causation. It stated:

"And as far as the restitution, Mr. Sellers, my view is that people like you who have been convicted of a criminal conduct by a jury are in little position to come into court and say, Judge, I'm not responsible for the damage that someone else caused. They were never charged or whatever. I'm going to enter an order requiring you, Mr. Sellers, to pay the restitution, the total amount of restitution in the sum of $1627.60 as outlined by Mr. Horner, broken down between the insurance company for Salem Datsun and Scellars Etzel and Rising Insurance Company."