Argued and submitted September 11, 1989, affirmed January 3, 1990

In the Matter of
Dickerson, Lynn Marie, A Child.

STATE ex rel JUVENILE DEPARTMENT
OF JOSEPHINE COUNTY,
*Respondent,*

*v.*

DICKERSON,
*Appellant.*

(88-J-248, 88-J-249; CA A50654)

784 P2d 1121

Beecher C. Ellison, Grants Pass, argued the cause for appellant. With him on the brief was Kengla, Sybrant, Browne & Ellison, Grants Pass.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

The juvenile court found child to be within its jurisdiction because she had committed an act that, if committed by an adult, would be burglary in the first degree. ORS 164.225. Child seeks reversal of the order requiring her to pay restitution of $2,742.28 to the victim.[1] We affirm.

The victim's house was burglarized twice on consecutive days. In the first burglary, a sliding glass door and screen were damaged, and the lock was broken. Items reported stolen in the burglaries included alcohol, food, a blanket, sleeping bags, money and jewelry. Shortly after the second burglary, the victim discovered defendant and Mitchell, another minor, camped in a wooded area near her home. She contacted the police, who went to the campsite and found a number of the stolen items. They did not find any of the jewelry. The police arrested child and Mitchell.

Child admitted that she and Mitchell had entered the victim's home with the intent to commit theft and that they took a number of items. Mitchell admitted that he had damaged the screen door, but both minors denied damaging the glass door or stealing the jewelry. The juvenile court found child to be within its jurisdiction and ordered child and Mitchell to pay restitution to the victim.[2] Child argues that the court erred in requiring her to pay restitution for the jewelry and the damaged door, because the juvenile court petition did not contain specific allegations of theft of the jewelry or the property damage, and there was no adjudication by the court on those issues.

There are three prerequisites for an award of restitution: (1) criminal activity, (2) pecuniary damages and (3) a casual relationship between the two. *State v. Dillon,* 292 Or

---

[1] The court ordered restitution of $1,300 for the jewelry, $1,125 for the door repair and $317.28 for other items missing or damaged.

[2] The court's order directs that the restitution be paid to the victim. However, in the court's oral explanation of its order, it indicated that the victim's insurance company may be entitled to a portion of the award. Child argues that the court erred in requiring her to pay restitution for the benefit of an insurance company, because the company is not a victim as contemplated by ORS 137.106(1). Even assuming that the court's order did award restitution for the benefit of the insurance company, we do not address the issue, because child did not raise it below. *State ex rel Juv. Dept. v. Akins,* 64 Or App 624, 669 P2d 339 (1983).

172, 637 P2d 602 (1981). Here, there was activity which, if committed by an adult, would be a crime.[3] There also were pecuniary damages as defined in ORS 137.103(2):

> "[A]ll special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of the property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and cost of psychological treatment or counseling."

The damage to the property and the loss of the jewelry arose out of child's criminal activities and could be recovered in a civil action.

■ ■    There was a sufficient causal connection between child's activities and the loss. As we said in *State v. Doty,* 60 Or App 297, 300-01, 653 P2d 276 (1982):

> "We believe that neither the indictment, the facts admitted nor the facts established by the conviction limit the amount of restitution that may be ordered. Rather, if the loss 'resulted,' in a 'but for' sense, from defendant's criminal activities, then the amount of restitution is determined in a separate evidentiary hearing in which the trier of fact determines, as in a civil case, *State v. Dillon,* 292 Or 172, 637 P2d 602 (1981), the money equivalent of the property for the taking or destruction of which the defendant *could* be found civilly liable. Because the victim's damages here could be recovered against defendant in a civil action, whether defendant stole the jewelry or not, it was a permissible term of restitution." (Emphasis in original.)

*See also State v. Hazlitt,* 77 Or App 344, 349, 713 P2d 617 (1986). The court properly determined that the damage to the door and the loss of the jewelry resulted from child's criminal activities. It is not necessary, as child contends, that the specific loss be alleged and adjudicated as part of the criminal proceedings to award restitution based on child's acts.[4]

---

[3] The juvenile justice statutes authorize the court to order restitution, and they incorporate by reference the criminal restitution statutes. ORS 419.507(2)(c); ORS 419.582.

[4] Child also argues that there was insufficient evidence from which the court could conclude that she stole the jewelry. However, as discussed above, it is not a prerequisite for an order of restitution that it be proven that she stole the jewelry, if her activities contributed to the loss. *State v. Doty, supra,* 60 Or App at 300.

■        Child also argues that the trial court erred in finding that she is able to pay restitution. Under ORS 419.507(1)(a), the court must take into account child's resources, the burden that restitution would impose on her, her present and future ability to pay and the rehabilitative effect on her. The court found that she was not attending school, that, although she was unemployed at the time of the hearing, she had worked in the past, that she was able to get a job and work and that she and the other minor had the ability to pay restitution. The trial court did not err in ordering restitution.

Affirmed.