Argued and submitted April 25, condition of probation requiring restitution vacated; remanded for resentencing; otherwise affirmed September 26, 1990

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES KENNETH POTTER,
aka Charles Kenneth Hunter,
*Appellant.*

(C87-04-32322; CA A50014)

798 P2d 690

Irene B. Taylor, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

NEWMAN, J.

Defendant appeals a judgment of conviction for unauthorized use of a motor vehicle. ORS 164.135. He had pled guilty. At sentencing, the state requested that defendant pay restitution for the cost of repairing a dent that the car suffered during the period of the theft. The court suspended imposition of sentence and imposed restitution as a condition of probation. We affirm the conviction but vacate that condition of probation and remand for resentencing.

■ Defendant asserts that the court erred, because the state failed to show that the damage resulted from defendant's criminal activity. ORS 137.106(1) provides that a court may order restitution when "a person is convicted of criminal activities which have resulted in pecuniary damages." In addition to proving criminal activity and pecuniary damages, the state must show a causal relationship between the two. *State v. Dillon,* 292 Or 172, 181, 637 P2d 602 (1981); *State ex rel Juv. Dept. v. Dickerson,* 100 Or App 95, 97, 784 P2d 1121 (1990). Defendant admitted the crime. The dent in the car is pecuniary damage. ORS 137.103(2). Causation is the only issue.

We have held that restitution may be imposed when the defendant's criminal activity is "part of a chain of criminal events" that result in damage. *State v. Hazlitt,* 77 Or App 344, 349, 713 P2d 617 (1986). In *Hazlitt,* the defendant had purchased and resold a stolen diamond. We affirmed the court's order requiring him to pay restitution to the victim's insurer, even though the defendant did not participate in the theft of the diamond. The record showed that, although the defendant's criminal activity had contributed to the insurer's loss, the activity was after the theft.

■ At the plea proceeding here, the court accepted defendant's guilty plea but did not inquire further. At the sentencing hearing, the parties focused on the nature of defendant's acts, rather than on their timing. The prosecutor told the court that defendant did not steal the vehicle, that it had been "given" to him after the theft and that he rode in it as a passenger. The state did not attempt to establish that the damage occurred during or after the time that defendant was a passenger in the car. *See State v. Sellers,* 76 Or App 552, 556, 709 P2d 768 (1985), *rev den* 300 Or 478 (1986). There is nothing in the record that would show that the dent resulted from

defendant's criminal activity. *See State v. Lefthandbull,* 306 Or 330, 334, 758 P2d 343 (1988).[1]

Condition of probation requiring restitution vacated; remanded for resentencing; otherwise affirmed.

---

[1] Defendant also asserts that the court did not make necessary "findings" or consider defendant's financial resources or ability to pay. In determining whether to order restitution, the court must "take into account" the factors that ORS 137.106(2) prescribes. It did.