Argued and submitted April 27, order of restitution vacated; otherwise affirmed
June 28, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID LEWIS BONNIE,
*Appellant.*

## (91CR0152; CA A83587)

898 P2d 1356

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Stephanie S. Andrus, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant appeals his conviction of first degree theft by receiving, ORS 164.055; ORS 164.095, and the trial court's order requiring that he pay restitution. We affirm defendant's conviction, but reverse the order of restitution.

In December 1990, two young men, Kolsky and Hutsell, burglarized a business establishment, Brass Flame Company, and stole a computer system and its accessories valued at between $4,500 and $5,000. Approximately one month after the computer was stolen, one of the burglars, Kolsky, moved the computer system from his house to defendant's house. The computer was set up in defendant's bedroom, where it was discovered by a Josephine County deputy sheriff. At some point between the theft and the recovery of the computer, information pertaining to Brass Flame's business was erased from the computer's hard drive. It ultimately cost Brass Flame approximately $4,000 to replace that information.

■ Defendant first assigns error to the trial court's denial of his motion for a judgment of acquittal based on the state's alleged failure to prove that he knew that the computer system was stolen. Reviewing the evidence in the light most favorable to the state, *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989), we conclude that there was sufficient evidence to support defendant's conviction.

■ In his second assignment of error, defendant contends that the trial court erred in ordering restitution to Brass Flame of $4,117.02. That amount represented the cost of replacing the information lost when the stolen computer's hard drive was erased.[1]

■ Under ORS 137.106(1), a court may order restitution to a victim "when a person is convicted of criminal activities * * * which have resulted in pecuniary damages." Accordingly, there are three prerequisites for an award of restitution: (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two. *State v. Dillon*, 292 Or 172, 637 P2d 602 (1981); *State v. Guerrero*, 134 Or App 619,

---

[1] The court ordered defendant to be jointly and severally responsible for the same amount of restitution as the two burglars.

621, 896 P2d 14 (1995). It is the district attorney's burden to "investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages." ORS 137.106(1); *State v. Anderson*, 113 Or App 416, 420, 833 P2d 321 (1992).

Here, defendant engaged in "criminal activities" — *i.e.*, theft by receiving the stolen computer.[2] However, defendant argues that the state failed to show that those activities "resulted in pecuniary damages"[3] to Brass Flame. In particular, defendant asserts that: (1) there was no proof that he erased or contributed to the erasure of any disks; and (2) absent that evidence, his criminal activity did not result in pecuniary loss to Brass Flame. We agree.

The only evidence at trial regarding erasure was Kolsky's testimony that he had "removed everything off the hard drive" soon after stealing the computer and that defendant did not help him erase information from the disks. Nonetheless, the state argues that the trial court could infer that defendant erased the information based on Kolsky's testimony:

"Well, at that time, [defendant and I] were fairly good friends and [defendant] had come over, and I wasn't sure how to operate the [computer], so I let [defendant] come over and take a look at it, and [defendant] played a few games on it and would leave."

The state contends that the "trial court was entitled to infer from this testimony that it must have been defendant who erased the data from the stolen disks because Kolsky 'wasn't sure how to operate the [computer,]' but defendant apparently was."

The inference the state urges is impermissibly speculative. Defendant's familiarity with computers and his

---

[2] ORS 137.103(1) defines "criminal activities" to include "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant."

[3] ORS 137.103(2) defines "pecuniary damages" as

"all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed * * *."

access to the computer do not, without more, support an inference that he, and not Kolsky, erased the information. Nor can such an inference be reasonably drawn from the juxtaposition of defendant's skills and Kolsky's supposed unfamiliarity with computers. The record discloses that, far from being computer illiterate, Kolsky owned his own computer and had exchanged games and other information with defendant through the use of modems and telephone lines.

Finally, the fact that the computer had been most recently in defendant's possession when the erasure was ultimately discovered does not support an inference that defendant caused the erasure. *State v. Potter*, 103 Or App 463, 798 P2d 690 (1990). In *Potter*, we considered whether the defendant, who was convicted of unauthorized use of a motor vehicle, could be ordered to pay restitution for the cost of repairing a dent in the car that was received during the period of the theft. We concluded that restitution was not available because the state did not establish when the dent occurred, and, thus, there was nothing in the record that would show that the dent resulted from the defendant's criminal activity.

The state failed to prove that defendant's receipt of the stolen computer resulted in pecuniary damages from the destruction of data from the computer's hard drive. Accordingly, the court erred in ordering defendant to pay restitution for that loss.

Order of restitution vacated; otherwise affirmed.