Submitted February 19, compensatory fine vacated; remanded for resentencing; otherwise affirmed October 21, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GREGORY IVORY,
*Defendant-Appellant.*

Multnomah County Circuit Court
060331870; A133623

220 P3d 56

Erin Galli and Chilton, Ebbett & Galli, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals a judgment convicting him of first-degree theft by receiving, ORS 164.055, in which the court imposed a compensatory fine under ORS 137.101. He assigns error to a jury instruction that allowed the jury to convict him on a nonunanimous verdict and to the court's imposition of the compensatory fine. We reject the jury instruction assignment of error without discussion, but we vacate the imposition of the compensatory fine and remand for resentencing.

In February 2006, the victim of the theft at issue in this case moved from her first-floor apartment to a third-floor apartment in the same secured building. During the move, she left a three-and-a-half-foot-tall jewelry armoire unattended outside the door to her apartment for roughly 30 minutes. When she resumed moving her belongings, she discovered that the armoire was gone.

One month later, the victim learned that a neighbor had seen the missing armoire in defendant's apartment, which was located in the same building as the victim's apartment, prompting the victim to contact the police. In response, Officers Wild and McCauley went to defendant's apartment to investigate, and defendant invited them inside. After explaining to defendant that they had information that a stolen jewelry armoire might be in his apartment, defendant told the officers, "Okay, I didn't know it was stolen. I bought it from a guy." Defendant showed the officers the armoire, which was located in his kitchen. The officers recognized it as the victim's armoire from distinctive dog-bite marks on the legs, and they promptly returned the armoire to the victim. The victim then inventoried the contents of the armoire with Wild and realized that several valuable pieces of jewelry, worth a total of approximately $2,000, were missing from it.

Defendant was subsequently charged with first-degree theft by receiving. At trial, defendant testified that a man named John approached him at a tavern across from the apartment building and asked him if he would like to purchase the armoire. Defendant testified that he purchased the armoire from John for $50 without inspecting its contents and was unaware that it belonged to the victim. According to

defendant, when he later inspected the armoire, he found only inexpensive costume jewelry inside it.

The jury found defendant guilty of the theft by receiving charge by a verdict of 10 to 2. At sentencing, the state asked the court to order restitution of $2,235, which represented the value of the missing pieces of jewelry. Over defendant's objection, the court instead imposed a compensatory fine of $2,500, stating:

> "Quite frankly, I have no real question in my mind but what you stole it, you took it in the first place and John is a figment of your imagination.
>
> "* * * I'm going to—As conditions, special conditions require * * * that you will pay a $2500 fine. That will be a compensatory fine to the victim.
>
> "I think it's shaky on whether the restitution applies or not, but as I said, I'm quite confident—I'm quite sure, in my own mind, that he stole it from the very beginning, so it's appropriate that he pay the expenses of the victim."

Defendant contends that the trial court erred in imposing a compensatory fine. He argues that, because the evidence in the record is insufficient to establish a causal relationship between his conviction for theft by receiving and the victim's loss of jewelry, a compensatory fine for that loss is not authorized under ORS 137.101. The state responds that the compensatory fine is valid under ORS 137.101 because it is inferable that the victim's missing jewelry was in the armoire when defendant purchased it and, therefore, that his criminal conduct facilitated the loss of the jewelry. We agree with defendant.[1]

ORS 137.101(1) provides:

> "Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the

---

[1] Because we conclude that the court lacked authority under ORS 137.101 to impose a compensatory fine for the injury that the court identified, that is, the victim's loss of her jewelry, we do not address defendant's ancillary argument that the compensatory fine was invalid because it exceeded the value of the missing jewelry.

same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

Here, the injury that the court identified as the injury for which it imposed the compensatory fine was the victim's loss of her jewelry.

The state argues that that loss is attributable to the criminal conduct of which defendant was convicted. Specifically, the state argues that it is inferable that the missing pieces of jewelry were in the armoire when defendant acquired it and, thus, that his possession of the jewelry caused the victim's injury because it facilitated the subsequent loss of the jewelry. *See State v. Stephens*, 183 Or App 392, 397, 52 P3d 1086 (2002) (upholding restitution for loss of tires and wheels because defendant's criminal control over car facilitated the loss, thus, establishing requisite causal link between defendant's criminal activity and victim's injury). On this record, however, such an inference is impermissibly speculative. The only evidence in the record regarding the whereabouts of the missing jewelry is as follows: (1) the victim's testimony that valuable jewelry was in the armoire before the armoire was stolen and was absent when the armoire was returned to her; and (2) defendant's testimony that the armoire contained only inexpensive costume jewelry when he acquired it. That the victim's armoire was stolen from in front of her apartment in a building in which defendant also resided, without more, does not support an inference that the missing pieces of jewelry were in the armoire when defendant acquired it.

Furthermore, the mere fact that defendant was shown to be the last person in possession of the stolen armoire before it was returned to the victim does not support an inference that the victim's missing jewelry was in the armoire when he received it. In *State v. Bonnie*, 135 Or App 314, 898 P2d 1356 (1995), we considered whether the trial court was authorized to order the defendant, who was convicted of theft by receiving of a computer stolen by two other

men, to pay restitution for the cost of replacing valuable information that had been erased from the computer after it had been stolen. We determined that an award of restitution for the loss of the data was not authorized because the record did not support a nonspeculative inference that the defendant had erased the data.[2] *Id.* at 317-18. Specifically, we noted that "the fact that the computer had been most recently in [the] defendant's possession when the erasure was ultimately discovered does not support an inference that [the] defendant caused the erasure." *Id.* at 318 (citing *State v. Potter*, 103 Or App 463, 798 P2d 690 (1990)). Similarly, here, defendant's possession of the armoire was insufficient to permit the trial court to draw a nonspeculative inference that the missing jewelry was in the armoire when defendant acquired it and that he was, thus, responsible for its disappearance.

In sum, defendant was convicted of theft by receiving, not theft by taking. The record does not support an inference that the missing jewelry was in the armoire when defendant received it and, thus, that the victim's loss of valuable jewelry (that is, the injury recognized by the trial court) was *caused* by the criminal activity of which defendant was convicted. Furthermore, the state has not suggested any other basis on which to uphold the trial court's imposition of a compensatory fine. Thus, the conditions set forth in ORS 137.101(1) for imposition of a compensatory fine were not satisfied, and the court erred in imposing one.

Compensatory fine vacated; remanded for resentencing; otherwise affirmed.

---

[2] Although *Bonnie* involved restitution and this case involves a compensatory fine, the requirement that the record establish that the defendant's criminal conduct "resulted in" harm to the victim applies to both restitution and compensatory fines. ORS 137.101(1); ORS 137.106(1); *see also State v. Dillon*, 292 Or 172, 181, 637 P2d 602 (1981); *State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000).