Argued and submitted January 14, affirmed November 3, 2010

In the Matter of Z. D. B.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT
OF BENTON COUNTY,
*Respondent,*

*v.*

Z. D. B.,
*Appellant.*

Benton County Circuit Court
0770072;
Petition Numbers 073884, 0907024;
A137189

242 P3d 714

David Aaron Sacks argued the cause for appellant. On the brief were Gary B. Bertoni and Bertoni & Associates.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

In this juvenile delinquency proceeding, youth admitted to two counts that, if committed by an adult, would constitute harassment, ORS 166.065, based on two incidents in which youth participated in physical assaults. On the single count that is at issue in this appeal, the juvenile court ordered youth to pay $18,442.87 in restitution for injuries that the victim of the assault suffered. Youth appeals, arguing that, because he did not admit that he caused the injuries that form the basis for the restitution order, the juvenile court exceeded its authority in imposing restitution. The state responds that the juvenile court did not err, both because the record establishes a causal connection between youth's conduct and the victim's injuries and because, in any event, the juvenile court had discretion to order restitution to serve the broad purposes of the statutes. On *de novo* review, ORS 419A.200(6)(b) (2007), we agree with the state as to the first of its contentions and do not reach the second. We therefore affirm.

Youth, his older brother, and a friend were involved in a fight with the victim, Noble. In that altercation, Noble was seriously injured when someone in the group—not youth—grabbed him from behind, knocked him down, and kicked him in the face, breaking his eye socket. The state filed a delinquency petition alleging that youth was within the juvenile court's jurisdiction for acts that, if committed by an adult, would constitute the crimes of third-degree assault, ORS 163.165, harassment, ORS 166.065, and disorderly conduct, ORS 166.025.

One of the two counts of harassment to which youth admitted alleged that youth "did unlawfully and intentionally harass or annoy Noble by subjecting Noble to offensive physical contact." Youth admitted the harassment, and the state dismissed the assault and disorderly conduct counts. At the hearing, youth admitted that he had kicked Noble in the ribs, but he denied responsibility for Noble's injuries and medical bills or for instigating the attack on Noble. The juvenile court received youth's admissions, finding that there were legal and factual bases for them, and found youth to be within the jurisdiction of the court on the harassment counts.

The juvenile court also took statements from Noble, who described his injuries and medical bills. Noble stated that, although he did not hold youth fully responsible for the injury to his face, he did know that youth instigated the attack and that youth "got a group of people together to come up and jump me[.]" On the basis of Noble's statements, the state asked for restitution for $5,068.45 in unreimbursed medical expenses and $13,374.42 to Noble's insurance carrier and that youth be placed on probation until his twenty-third birthday. In urging the imposition of restitution, the state explained to the court that "youth solicited some help in getting * * * the victim jumped." Youth objected to the imposition of restitution because he admitted only to kicking Noble in the ribs, not to kicking him in the face.

The court found that youth was the person who initiated the attack on the victim, and that the victim's damages "wouldn't have occurred but for [youth's] * * * involvement." The court accepted the state's dispositional recommendations and ordered youth to pay $18,442.87 in restitution.

Youth appeals, assigning error only to the imposition of restitution. He argues that, under ORS 419C.450, the juvenile court is authorized to impose restitution only if a youth's adjudicated criminal activity is the cause of the victim's pecuniary loss. Cited as authority for that argument are two juvenile cases, *State ex rel Juv. Dept. v. Dickerson*, 100 Or App 95, 97, 784 P3d 1121 (1990), and *State ex rel Juv. Dept. v. Hal*, 168 Or App 76, 80, 7 P3d 535 (2002), as well as a number of criminal cases.

As we have noted, in response, the state offers essentially two arguments. First, the state contends that, under the very authorities on which youth relies, a juvenile court may order restitution if, but for the youth's conduct, the victim would not have been injured. Second, the state contends that, in any event, the restitution statutes should be read broadly to permit "wide discretion" in crafting sanctions that a juvenile court determines are necessary for the youth's rehabilitation, without a requirement of a direct relationship between the victim's injuries and the adjudicated conduct.

The scope of the juvenile court's authority is set out in ORS 419C.450, which provides, in part:

"(1)(a)   It is the policy of the State of Oregon to encourage and promote the payment of restitution and other obligations by youth offenders as well as by adult offenders. In any case within the jurisdiction of the juvenile court pursuant to ORS 419C.005 in which the youth offender caused another person any physical, emotional or psychological injury or any loss of or damage to property, the victim has the right to receive prompt restitution. The district attorney shall investigate and present to the court, prior to or at the time of adjudication, evidence of the nature and amount of the injury, loss or damage. If the court finds from the evidence presented that a victim suffered injury, loss or damage, in addition to any other sanction it may impose, the court shall:

"(A)   Include in the judgment a requirement that the youth offender pay the victim restitution in a specific amount that equals the full amount of the victim's injury, loss or damage as determined by the court[.]

"* * * * *

"(2)   Restitution for injury inflicted upon a person by the youth offender * * * shall be required as a condition of probation."

The scope of the court's authority under that statute is a question of statutory construction, controlled by the interpretive principles set out in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), and *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). That analysis is informed by, among other things, prior versions of the statute, *State v. Blair*, 348 Or 72, 76, 228 P3d 564 (2010), and prior judicial construction of it, *State v. McDonnell*, 343 Or 557, 563, 176 P3d 1236 (2007), *cert den*, ____ US ____ , 129 S Ct 235 (2008).

In *Dickerson*, we addressed the scope of the juvenile court's authority to order restitution under the prior version of the statute, which then authorized the court to award restitution for "physical injury inflicted upon a person by the child or for property taken, damaged or destroyed by the child." *Former* ORS 419.507(1)(a) (1989). In that case, the victim's house was burglarized, and the victim reported that a door had been damaged and that jewelry had been stolen.

*Dickerson*, 100 Or App at 97. The child admitted to participating in a burglary—*i.e.*, entering the victim's house with the intent to commit theft—and admitted taking some items, but she denied damaging the door or stealing jewelry. The juvenile court found the child to be within the jurisdiction of the court and ordered her to pay restitution for the door and the jewelry, because the damage to the door and the loss of the jewelry resulted from her criminal activities. The child appealed, arguing that the court erred in requiring her to pay restitution for the door or the jewelry, because the petition did not contain specific allegations of damage to the door or theft of the jewelry and there was no adjudication by the court on that issue.

This court affirmed, concluding that the statute required three things to authorize restitution: "(1) criminal activity, (2) pecuniary damages and (3) a causal relationship between the two." *Id.* In that case, the court concluded, the juvenile court "properly determined that the damage to the door and the loss of the jewelry resulted from child's criminal activities. *It is not necessary, as child contends, that the specific loss be alleged and adjudicated as part of the [juvenile court] proceedings to award restitution based on the child's acts.*" *Id.* at 98 (emphasis added). All that is necessary, the court explained, is that the loss resulted in a " 'but for' " sense from the child's conduct, as determined by the juvenile court in a separate evidentiary hearing. *Id.* (quoting *State v. Doty*, 60 Or App 297, 300-01, 653 P2d 276 (1982)).

Nothing in *Dickerson* holds, as youth suggests, that restitution may be ordered only if there is a causal connection between the victim's injury and the youth's *adjudicated* conduct. As we have noted, the court held the contrary to be the case.

The wording of the statute has been amended in a variety of respects since *Dickerson* was decided. But youth does not suggest that the amendments have undercut that decision in any way. To the contrary, the current version, which authorizes restitution for injury "which the youth offender caused," ORS 419C.450(1), is not materially different from the older version of the statute at issue in *Dickerson*,

which authorized restitution for "physical injury inflicted upon a person by the child," ORS 419.507(1)(a) (1989).

Nor does our more recent decision in *Hal* alter the analysis. In that case, the juvenile court found the youth within its jurisdiction based on evidence that the youth had committed acts that, if committed by an adult, would constitute the crimes of unauthorized use of a vehicle and possession of a stolen vehicle. 168 Or App at 78. The evidence showed that the youth had been caught driving a stolen Jeep Wrangler and that, at the time that he was caught, the vehicle's interior had been stripped of its stereo equipment. *Id.* The juvenile court ordered the youth to pay $500 restitution for the damage to the vehicle. *Id.* On appeal, the youth complained that there was no evidence that his conduct was responsible in any way for the damage to the vehicle. *Id.* at 79. The state conceded the point, and we accepted the concession. *Id.* at 80. Nowhere in that decision did we hold, as youth in this case contends, that our reversal was predicated on a failure to connect the damage to the vehicle to the adjudicated conduct. We simply accepted a concession that there was no evidence of *any* causal connection between the youth's activities and the damage to the vehicle. *Id.*

Youth's reliance on criminal restitution cases is likewise unavailing. ORS 137.106 provides that, when a defendant "is convicted of criminal activities * * * which have resulted in pecuniary damages," the court may order the defendant to "make restitution" to the victim. We have held that restitution under that statute requires proof that the victim's damages were caused either by the criminal activity for which the defendant was convicted or other conduct that the defendant admitted. *See, e.g., State v. Sigman,* 141 Or App 479, 919 P2d 45 (1996). The holding, however, is based on statutory wording that specifically refers to pecuniary damages resulting from criminal activities for which a defendant has been convicted or to which a defendant admits. There is no such requirement in ORS 419C.450.

This case is clearly controlled by *Dickerson.* Under that decision, the juvenile court is authorized to order restitution if it finds that, but for the conduct of youth, the victim would not have suffered injury. The juvenile court in this

case so found, and, given the statements of Noble to the court during the dispositional hearing, there is evidence to support that finding. The juvenile court did not err in ordering restitution.

Given that we affirm on the ground that the record is adequate to demonstrate the causation that the statute requires, we need not address the state's alternate argument.

Affirmed.