Argued and submitted June 22, 1999, affirmed May 3, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## PAUL EUGENE THOMAS,
*Appellant.*

### (96CR1862; CA A96288)

1 P3d 1058

Daniel Q. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Anne L. Cottrell, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his convictions for two counts of theft by receiving, each count involving a separate stolen bicycle. ORS 164.095. He asserts that the trial court erred by sustaining the state's hearsay objection to evidence that the thief told defendant's mother (mother), in defendant's presence, that one of the bicycles was not stolen.[1] Although we agree that the court erred, we also hold that the error was harmless. We therefore affirm both convictions.

There is some disagreement in the evidence about who stole the bicycles. Because of the jury's verdict, we generally state the facts to support the charge against defendant, that he was guilty of theft by receiving rather than of being the thief himself.[2] In addition, we describe the facts that support the admission of the evidence at issue. On that view of the facts, Anthony Lessard stole the bicycle in question (the pink bicycle) from its owner. He brought it and the other stolen bicycle (the Schwinn) to defendant's apartment, where defendant and others were working on several other bicycles, and gave defendant both stolen bicycles. After someone removed some of the parts of the Schwinn and replaced them with parts of lower quality, Lessard left with it. The mother of the owner of the Schwinn saw Lessard riding it, stopped him, and recovered that bicycle. The owner's mother then notified the police. After the police officer took her statement, he interviewed Lessard, who said that defendant had given him the Schwinn and that he had also seen the pink bicycle at defendant's apartment. Lessard indicated that defendant was the thief.

The officer then went to defendant's apartment, where he saw the pink bicycle and a number of other bicycles. Defendant and others were working, or had been working, on some of them. The officer first gave defendant *Miranda* warnings and then interviewed him. Defendant denied that

---

[1] Defendant does not raise any issues concerning the theft of the other bicycle.

[2] *See State v. Harelson*, 147 Or App 556, 560-62, 938 P2d 763, *rev den* 326 Or 58 (1997) (discussing circumstances in which the person who steals the property can also be guilty of theft by receiving under ORS 164.095).

he had stolen the bicycles. Rather, he said, Lessard had stolen them and given them to defendant. When the officer pointed out that that meant that defendant was in possession of stolen property, which was the crime of theft by receiving, defendant modified his story to say that Lessard had told him that the pink bicycle was not stolen but that its owner had given it to Lessard. Defendant did not retract his statement that Lessard had stolen the Schwinn.

As a result of the police investigation, defendant was indicted for two counts of theft by receiving. Lessard pled guilty to an unrelated burglary, as a result of which the state dropped theft charges related to the bicycles in return for his agreement to pay restitution to one of the victims and to testify at defendant's trial.

The primary issue at defendant's trial was whether he knew or believed that the bicycles were stolen. That knowledge or belief is an element of theft by receiving. ORS 164.095(1); *State v. Ripka*, 111 Or App 469, 471, 827 P2d 189, *rev den* 313 Or 300 (1992). Among the evidence that defendant presented on the issue was mother's testimony that she was present when Lessard brought the bicycles to defendant. She testified that she distrusted Lessard and asked him if the pink bicycle was stolen. "In fact, I drilled him for about ten minutes about [whether the pink bicycle was] stolen because I knew he was a thief." She did so because "I didn't want [defendant] to take anything stolen from Tony because I didn't trust him." Defendant was in the same room and heard her conversation with Lessard. Mother testified that she continued to have concerns about defendant having the pink bicycle after talking with Lessard.

At issue on appeal is testimony that the court did not allow mother to give. Defendant assigns error to the trial court's sustaining the state's hearsay objection to her testimony that Lessard "repeated to me that no, [the pink bicycle] was not stolen; that he quit stealing."[3] Defendant argued at trial, and reiterates on appeal, that the testimony was not

---

[3] Mother gave the testimony about Lessard's statement in an offer of proof after the jury retired to deliberate, because the court did not want to send the jury out for an offer of proof during mother's testimony. It was, however, clear to the court at the time that it ruled what the substance of her testimony would be.

hearsay because it was offered not for the truth of the matter asserted—that Lessard had not stolen the pink bicycle—but as tending to show that defendant did not know or believe that the pink bicycle was stolen. In essence, the purpose of the testimony was to show the effect of Lessard's statement on defendant, one of the listeners. *See* OEC 801(3); *State v. West*, 145 Or App 322, 325, 930 P2d 858 (1996), *rev den* 326 Or 43 (1997). The state does not attempt to defend the trial court's ruling, and we agree that it was erroneous.

**2, 3.** The decisive question is whether, as the state asserts, the trial court's error was harmless. Evidentiary error is harmless if there is little likelihood that the error affected the verdict. *State v. Titus*, 328 Or 475, 482, 982 P2d 1133 (1999); *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987). The state points to a number of circumstances that, it argues, show that the exclusion of mother's testimony was harmless. It first asserts that the jury could have inferred the substance of the excluded testimony from the testimony that was admitted. It points out that defendant's counsel asked mother if she had concerns about defendant having the bicycle "Even after talking with Tony," and mother said that she did. The state suggests that the implication of the question was that what Lessard said to mother should have reduced her concerns; thus, Lessard must have denied that the bicycle was stolen. That is a relatively subtle point, and we would not normally give it much weight in this regard. However, in her opening statement, defendant's attorney told the jury that mother would testify that Lessard denied that the bicycle was stolen. Although that statement is not evidence, it may have led the jury to draw the conclusion from mother's testimony that the state suggests.[4]

The state also argues that the other evidence in the case would have led the jury to convict even if it had heard the excluded testimony. Defendant's original statement to the police officer that Lessard had stolen the bicycles is certainly strong evidence that he knew that they were stolen.

---

[1] Another witness testified that he was present when Lessard brought the bicycles to defendant's apartment and that Lessard told the witness that he had bought them from a friend. However, defendant was apparently not in a position to hear that statement.

Although defendant backtracked when the officer pointed out that his statement showed that he had received stolen property, he still admitted that he knew that Lessard had stolen the other bicycle. The state also points to the officer's testimony that defendant's apartment looked like a bicycle "chop shop" when he arrived, with people removing components from bicycles and installing them on others. However, on cross-examination the officer stated that he had checked the other bicycles and none was reported stolen; he appears from the cross-examination to have based his belief that defendant was operating a chop shop more on experience and hunch than on hard evidence. We therefore do not give that evidence any weight in determining whether the error was harmless.

In our view, two things are crucial. First, defendant repeated that the Schwinn was stolen after the officer pointed out that that would make defendant guilty of theft by receiving. That strongly suggests that defendant did not believe that Lessard had stopped being a thief. Second, mother continued to be concerned about defendant accepting the pink bicycle even after Lessard had denied that it was stolen and claimed to have reformed. She clearly did not trust what he said. Given that evidence, we do not believe that the jurors would have given Lessard's statement any more credence than defendant and mother appear to have given it, even if they had heard the statement. Thus, there is little likelihood that the verdict would have been different if the court had ruled correctly; the error was therefore harmless.

Affirmed.