Argued and submitted October 28, 2009, reversed and remanded October 6, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# SHARON DIAN HREN,
*Defendant-Appellant.*

Multnomah County Circuit Court
071153442; A138713

241 P3d 1168

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Kristen G. Williams, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Amanda J. Austin, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals her conviction for second-degree theft, ORS 164.045. She assigns error to the exclusion of her testimony that she had been told by a Macy's employee that she could take the item that she was charged with stealing: a bottle of perfume used by customers as a "tester" bottle. The state concedes that the trial court erred in excluding the testimony but argues that the exclusion was harmless because there was little likelihood that the excluded evidence would have affected the jury's verdict. We disagree with the state's harmless error argument and, accordingly, reverse and remand.

On this record, the jury could have found the following facts. Defendant removed a tester bottle of perfume from the fragrance counter of a Macy's department store and concealed the bottle in the sleeve of her long-sleeved shirt. Defendant left the store without paying for the bottle of perfume and was quickly apprehended by two Macy's loss prevention employees, one of whom had observed defendant's actions. Defendant attempted to escape the employees. During the ensuing struggle, defendant dropped the tester bottle on the ground and kicked it into the street. The employees gained control over defendant and took her to an office in the store. While there, one of the employees asked defendant why she had taken the bottle, and she answered that she had taken it for her sister. The state charged defendant with second-degree theft.

At trial, defendant sought to testify that a clerk at the store's fragrance counter had told her that she could take the tester bottle. The trial court excluded the evidence as hearsay. The state concedes that the evidence was not hearsay. We accept the state's concession as well taken.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. OEC 801(3). Statements that are relevant to show their effect on a listener are not hearsay. *See, e.g., State v. Thomas*, 167 Or App 80, 84, 1 P3d 1058 (2000). A defendant's reasonable belief of entitlement to property is a defense to theft. ORS 164.035(1)(b). Here, the statement by the store clerk was not offered for its truth— that is, that defendant was actually entitled to take the

bottle—but, rather, was offered to show that defendant reasonably believed that she was entitled to take it. Therefore, the testimony was not hearsay and should not have been excluded on that basis.

The critical question is whether the trial court's error was harmless. Notwithstanding the erroneous exclusion of evidence at trial, we will affirm a conviction if there is little likelihood that the exclusion affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003); *see* OEC 103(1) (providing that "[e]vidential error is not presumed to be prejudicial"). For the reasons that follow, we conclude that the erroneous exclusion of defendant's testimony was not harmless.

The state argues that the exclusion of defendant's testimony was harmless because the trial evidence establishes that defendant did not believe that she had a right to take the tester bottle, and the jury would not have concluded otherwise. In support of that argument, the state points to various portions of the trial evidence, including testimony from the loss prevention employee that defendant had concealed the bottle up her sleeve, had dropped the bottle and kicked it into the street when apprehended, and had failed to mention to store employees, when questioned, that the store clerk had told her that she could take the bottle. The state concludes that that evidence shows conduct by defendant that is inconsistent with her claim that the store clerk's statement had led defendant to reasonably believe that she was entitled to take the tester bottle. The state also argues that the other evidence in the case would have led to a conviction even if the jury had heard and duly considered the excluded testimony.

Although the loss prevention employee's testimony certainly presents strong evidence that defendant did not believe that she had a right to take the tester bottle, the focus of our harmless error inquiry is "not whether [the appellate] court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *Davis*, 336 Or at 32. Contrary to the state's argument, our role is not to decide among the possible conclusions that the jury could have

drawn from the evidence. The jury could certainly have chosen to not believe defendant's proffered testimony about why she took the tester bottle or, if the testimony were believed, to conclude that defendant did not have a reasonable belief that she was entitled to take the bottle. Alternatively, the jury could have decided that the loss prevention employee's testimony was mistaken or false and concluded that defendant was credible and, accordingly, had a reasonable belief of her entitlement to the tester bottle. Both conclusions are possible and, thus, we cannot decide that the state's theory is the only version of events that the jury could have believed.

■       In our harmless error inquiry, we also consider the role that the erroneously excluded evidence played in the proponent's theory of the case. *Cf. State v. Perkins*, 221 Or App 136, 145, 188 P3d 482 (2008) (applying principle in context of erroneously admitted evidence). Here, the excluded testimony was the foundation of defendant's theory: *viz.*, that she had a reasonable belief that she was entitled to take the tester bottle. Hence, its exclusion prevented defendant from presenting evidence in support of her defense to the charged crime. In that light, we do not see how exclusion of the evidence can be considered harmless.

We conclude that the erroneous exclusion of defendant's proposed testimony was not harmless. Accordingly, we reverse and remand the judgment.

Reversed and remanded.