162                    June 4, 2025                    No. 514

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. N. S. R.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

L. N. S. R.,
*Appellant.*

Washington County Circuit Court
22JU03467; A180592 (Control), A180593

Thomas A. Goldman, Judge pro tempore.

Submitted December 20, 2024.

Erica Hayne Friedman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Egan, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Youth appeals a delinquency judgment finding her within the juvenile court's jurisdiction based on conduct that, if committed by an adult, would constitute riot, ORS 166.015.[1] In a single assignment of error, youth argues that the juvenile court plainly erred because it ruled "that it was not required to consider self-defense or defense of another because defense counsel had not filed written, pre-trial notice of those defenses."[2] Although we conclude that juvenile court plainly erred, we cannot exercise our discretion to correct the error because it was harmless. Accordingly, we affirm.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We may review an unpreserved error when it is "plain." *State v. Vanornum*, 354 Or 614, 629, 317 Pd 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring [us] to choose among competing inferences." *Id.* If we conclude that "a claimed error was [plain] error," we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

At the contested hearing, the state argued that youth and several other students, including M, engaged in "tumultuous and violent conduct" that injured the victim. The court admitted into evidence three videos of the incident. The victim testified that youth—using both hands—held the victim by her hair while M hit her. Youth also testified. During youth's closing argument, the following exchange occurred:

---

[1] "A person commits the crime of riot if while participating with five or more other persons the person engages in tumultuous and violent conduct and thereby intentionally or recklessly creates a grave risk of causing public alarm." ORS 166.015(1).

[2] ORS 161.205(5) provides, in relevant part, that "[a] person may use physical force upon another person in self-defense or in defending a third person." In turn, ORS 161.055(3) provides:

"The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of trial or affirmative evidence by a defense witness in the defendant's case in chief."

"[YOUTH'S COUNSEL]:  I also want to go into the issue of self-defense. ORS 161.205 states—

"THE COURT:    [Counsel], isn't that a notice—

"[THE STATE]:    Not in evidence.

"THE COURT    :—that needs to be filed in advance of trial?

"[YOUTH'S COUNSEL]:    Yes, judge.

"THE COURT:    Yes.

"[YOUTH'S COUNSEL]:    It is.

"THE COURT:    You may move on."

On appeal, youth argues that the juvenile court plainly erred when it prohibited her from raising self-defense or defense of another because she had not filed notice "in advance of trial." We conclude that the juvenile court plainly erred because a defendant may raise a defense by providing "notice in writing to the state before commencement of trial *or* affirmative evidence by a defense witness in the defendant's case in chief." ORS 161.055(3) (emphasis added).

"We now turn to whether the error was harmless and, if not, whether we should exercise our discretion to correct it. We cannot reverse a judgment based on a harmless error, so if the error was truly 'harmless,' then we have no discretion and must affirm." *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023); *see also State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?"); *State v. M. T. F.*, 326 Or App 371, 380, 532 P3d 913, *rev den*, 371 Or 476 (2023) (applying the harmless error analysis in a delinquency case).

"We consider first the nature of the error that occurred below" and the "context of the legal error." *Davis*, 336 Or at 32-33. As noted above, youth testified at the contested hearing and represented that she grabbed the victim's hair and clothes because she "was trying to break the fight" between the victim and M. In finding youth within its jurisdiction, the juvenile court relied on videos of the

incident, indicated that youth's testimony was unpersuasive, and found that youth's "behavior was beyond violent."

"THE COURT:   In regards to [youth], I don't know what video you think you were watching. You should be thanking your lucky stars you are not charged with an assault in the third degree. Because it is very clear from those videos, that is what you did.

"You forcefully yanked another girl by her hair, drug her and swung her around, and then held her so your friend could continue punching her. And you're sitting here saying, 'I have no culpability in this. I did no wrong.'

"You clearly participated. There were clearly more than five people. Your behavior was beyond violent. You are found in the jurisdiction of the court under Count 1, riot."

In light of the juvenile court's explicit findings, we conclude that even if it had considered self-defense or defense of another, there is little likelihood that it would not have found youth within its jurisdiction. *See M. T. F.*, 326 Or App at 381 (concluding that an error was harmless when "the juvenile court relied heavily on the body camera footage from the officers and * * * given its conclusion that [the youth] knowingly engaged in assaultive conduct"). Moreover, the error—which occurred during youth's closing argument— did not prevent youth from presenting evidence concerning self-defense or defense of another. *Cf. State v. Hren*, 237 Or App 605, 609, 241 P3d 1168 (2010) (concluding that an error was not harmless when it "prevented [the] defendant from presenting evidence in support of her defense to the charged crime"). Indeed, youth argues on appeal that she "'raised' self-defense and defense of another through affirmative testimony in [her] case in chief." Because the error was harmless, "we have no discretion and must affirm." *Horton*, 327 Or App at 262.

Affirmed.