Argued and submitted July 27, 1994, reversed in part; remanded for resentencing; otherwise affirmed January 4, 1995

STATE OF OREGON,
*Respondent,*

*v.*

MELANIE RAE SHUNESON,
*Appellant.*

(C93-01-30265; CA A80413)

888 P2d 90

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals from her convictions for robbery in the second degree, escape in the second degree and unauthorized use of a vehicle. ORS 164.405; ORS 162.155; ORS 164.135. She argues that the trial court erred in denying her motion for judgment of acquittal on the unauthorized use of a vehicle charge. We reverse.

On January 3, 1993, defendant and her boyfriend, Jeffrey Paul Allen, drove a stolen Jeep to a drug store.[1] While Allen waited outside in the Jeep, defendant entered the store and took approximately 16 videotape cassettes. She quickly left the store and headed towards the Jeep, which had pulled up and stopped near the store's entrance. A store employee caught up with defendant as she got to the passenger side of the Jeep and pulled at the bag containing the stolen tapes. Allen got out of the driver's side of the vehicle and scuffled with the store employee. Defendant and Allen then managed to get inside the vehicle through the driver's side and drove away.[2]

Deputy Donohue, who had received a call regarding the drug store incident, spotted the Jeep and followed it with his lights and siren activated. The driver of the Jeep attempted to elude the deputy, but was driving too fast for the icy road conditions and, after running a stop sign, crashed into a fence. When Allen and defendant got out of the Jeep, Donohue called to them to stop, but then fell and accidentally fired his gun. Allen and defendant fled on foot. Donohue and another police officer eventually caught up with them and took them into custody.

At trial, defendant moved for a judgment of acquittal on the charge of unauthorized use of a vehicle. ORS 164.135.[3]

---

[1] The vehicle involved in this case was stolen on December 28, 1992. There were no allegations that defendant was involved in the theft of the vehicle.

[2] Deputy Donohue and the employee who pursued defendant out of the store both testified that Allen was driving the Jeep after the robbery. Another store employee testified that he "assumed" defendant was driving, but admitted that he did not know for certain.

[3] ORS 164.135, which defines the crime of unauthorized use of a vehicle, provides, in part:

"(1) A person commits the crime of unauthorized use of a vehicle when:

She argued that the state failed to meet its burden of proving every element of the crime, because there was insufficient evidence that she knew that she did not have the owner's consent to ride in the Jeep, *i.e.*, that she knew the Jeep was stolen. The trial court acknowledged that it was "a close question," but denied defendant's motion. The jury ultimately convicted defendant of the unauthorized use of a vehicle charge.

■     Defendant assigns as error the trial court's denial of her motion for judgment of acquittal. Our standard of review in considering the sufficiency of the evidence in a criminal case is:

> "whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

We must determine whether the inferences that may be drawn from the facts are sufficient to allow a jury to find defendant's guilt beyond a reasonable doubt, not whether we believe the defendant is guilty beyond a reasonable doubt. 307 Or at 339.

The state acknowledges that the evidence tending to prove defendant's knowledge is purely circumstantial. At trial, the state presented no evidence that Allen told defendant that the Jeep was stolen or that defendant admitted that she knew it was stolen. There was nothing unusual about the appearance of the vehicle, such as hot wires, that would have indicated to defendant that it was stolen. Instead, the state contends that defendant's and Allen's reckless use of the Jeep, and their willingness to abandon the vehicle after crashing into a fence demonstrates defendant's knowledge that the vehicle was stolen.

■     Although circumstantial evidence alone may be sufficient to prove guilt beyond a reasonable doubt, *State v. Hendrix*, 314 Or 170, 174, 838 P2d 566 (1992), *cert den* ____ US ____, 113 S Ct 2966 (1993), we do not believe the evidence was sufficient to prove defendant's knowledge here. First,

---

"(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner[.]"

defendant was not operating the Jeep recklessly; she was a passenger. To import defendant with knowledge that the Jeep was stolen based on Allen's reckless driving requires too great an inferential leap. Second, when these incidents occurred, defendant and Allen were fleeing from the scene of a robbery that they had committed. Defendant's actions in abandoning the vehicle while attempting to elude capture, particularly in light of the fact that Donohue had accidentally fired his gun, are insufficient to support a reasonable inference that defendant knew the vehicle she was riding in was stolen. *See State v. Bauer*, 128 Or App 598, 602-03, 876 P2d 802 (1994).

We conclude that there was insufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that defendant knew that she did not have the owner's consent to ride in the Jeep. Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal.

Conviction of unauthorized use of a vehicle reversed; remanded for resentencing; otherwise affirmed.