Submitted on record and briefs March 15, reversed July 3, 1996

In the Matter of
Mitchell, Charles, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Charles MITCHELL,
*Appellant.*

(9311-83743; CA A85376)

920 P2d 1103

Ronnee S. Kliewer and Saxon, Marquoit, Bertoni & Todd
filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Child appeals an order of the juvenile court finding him to be within the jurisdiction of the court for committing an act which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle. ORS 164.135. On *de novo* review, we reverse.

The state presented testimony from the owner of the stolen vehicle, Officer Corno and Adriane Hoffenbacker, a friend of child. Sometime between 10 p.m. and midnight, child and Adriane were outside the Unicorn Motel on Northeast 82nd Avenue in Portland. Robert Hatch, whom Adriane knew, drove up in a silver Toyota van, and child and Adriane got in through the sliding door on the passenger side. There were other people in the van, which can seat seven passengers. The group went to a Taco Bell about five minutes away from where child and Adriane got into the van. The transaction at Taco Bell took less than five minutes and soon after they left Adriane noticed that a police car was following the van.

Neither Hatch nor any of the passengers ever said that the van was stolen. Adriane testified that when the police started following the van, she became suspicious that it was stolen because Hatch started to drive carefully and slowly. After a couple of blocks, the police stopped the van, but when the officer approached the vehicle, Hatch drove away and eluded the officer. Adriane told another passenger that she wanted to get out of the van, but she was unable to do so because Hatch was driving too quickly. Hatch stopped the van, and the passengers got out. Adriane did not remember whether child had said anything when the van was stopped or during the chase. Later, Adriane and child were stopped by Officer Corno. Adriane testified that they denied being in the van "because we were under age." At the precinct, child admitted that he had been in the van. He made no other admissions.

When the owner retrieved the van, its outside door locks had been "punched." The police showed the owner a key

chain that they had found in the ignition. It had a key resembling a house key and one resembling a small toolbox key. A police officer had used a screwdriver to start the van.

In a juvenile delinquency proceeding, every element of the petition must be proved beyond a reasonable doubt. ORS 419C.400(2). Child argues that there was insufficient evidence to find beyond a reasonable doubt that the state proved every element of the offense of unauthorized use of a vehicle. He concedes that the state proved that he rode in a vehicle and that he did not have the owner's permission to do so. He contends, however, that the state did not prove the third element—that he knew that he lacked permission.

■ A person charged with unauthorized use must know that the vehicle was stolen at the time the person was a passenger. *State v. Jordan*, 79 Or App 682, 685, 719 P2d 1327, *rev den* 301 Or 667 (1986). Knowledge may be proved by circumstantial evidence. *See State v. Fitch*, 47 Or App 205, 208, 613 P2d 1108 (1980) ("As with the intent element of crimes, 'purpose' is generally provable only by circumstantial evidence."). The state argues that child's knowledge may be inferred from the unusual appearance of the van—the locks and ignition—as well as Hatch's behavior and the fact that child initially lied to the officer about being in the van. It contends that those circumstances are "sufficient, even if marginally so," to find that child knew the van was stolen.

■ On our review, we do not find that the state proved beyond a reasonable doubt that child knew the van was stolen. The testimony was that the door locks were "punched," but there was no evidence that that damage was obvious or that child noticed it. It was dark. Adriane testified that she and child got in the van by the sliding door, but she did not indicate who opened the door. The evidence also did not show that child saw the ignition area or, if he had, that he could tell that it was damaged. Adriane's testimony was that, when child first got into the van, he was in the middle of the back seat. There was evidence that it was possible to see the ignition from that vantage. However, Adriane testified that when child was seated there he was facing towards the door or towards Adriane, talking to her. When the group reached

Taco Bell, child moved to behind the driver's seat. The evidence was that, in that position, child could not have seen the ignition. Furthermore, we agree with child that, even if he saw the ignition area, it is unclear what there would be about seeing a key on a key chain that would have alerted him that the ignition was damaged.

It requires too great an inferential leap for us to find that any damage to the van was such that, even if child had noticed it, he would have realized that the van was stolen. It requires an even greater inferential leap to find that, because Adriane testified that she suspected the van was stolen from the way Hatch was driving, child also knew. *See State v. Shuneson*, 132 Or App 283, 287, 888 P2d 90 (1995) (to infer that the defendant knew that the vehicle was stolen based on the driver's reckless driving requires too great an inferential leap). The same gap underlies the state's argument that child's lie to the police was because child knew the van was stolen. That was one possible inference, but not the only one, and Adriane testified that they lied because they did not want to be caught violating curfew. A closer nexus is required to show that the reason for the lie was child's knowledge of the stolen van. *See State v. Carter/Grant*, 316 Or 6, 13, 848 P2d 599 (1993) (a fact that merely supports inference that some other fact is possible as one among a range of many other and different possibilities does not support inference that any specific one of the possible facts is itself probable). The evidence does not convince us beyond a reasonable doubt that child knew that the vehicle was stolen.

Reversed.