Argued and submitted September 1, 1999, restitution order vacated; otherwise affirmed May 31, 2000

In the Matter of
William Hal, a Minor Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

William HAL,
*Appellant.*

(9309-82980; CA A101947)

7 P3d 535

Daniel A. Cross, argued the cause for appellant. With him on the brief was Bertoni & Todd.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

In this delinquency proceeding, the juvenile court found youth to be within its jurisdiction because he committed acts that, if committed by an adult, would constitute the crimes of unauthorized use of a vehicle, ORS 164.135(1)(a),[1] and possession of a stolen vehicle, ORS 819.300(1).[2] The juvenile court committed youth to the custody of the Oregon Youth Authority (OYA) for placement at a state training school for up to five years and required him to pay $500 in restitution. Youth appeals, challenging the juvenile court's finding of jurisdiction, the custody order, and the restitution award. For the reasons discussed below, we affirm the juvenile court's finding of jurisdiction and the custody order but vacate the restitution award.

The evidence at the delinquency hearing established that youth was caught driving a stolen Jeep Wrangler. He had rented the vehicle from a woman who he knew was a crack addict. The owner of the car testified that, when the vehicle was returned to him, its interior had been stripped and wires hung from where the stereo had been. The car had Washington state license plates.

■ Youth first challenges the sufficiency of the state's evidence on both grounds for the petition, arguing that the state did not prove beyond a reasonable doubt that he knew the vehicle was stolen. To prove the allegation of unauthorized use of a vehicle, the state must prove that youth knew that he was using the vehicle without the owner's consent. *See* ORS 164.135; *State ex rel Juv. Dept. v. Mitchell,* 142 Or App 40, 43, 920 P2d 1103 (1996). To prove the allegation of possession of a stolen vehicle, the state must prove that youth either knew or had reason to believe that the vehicle was stolen. *See* ORS 819.300. Thus, actual knowledge is not required

---

[1] ORS 164.135(1)(a) provides that a person commits the crime of unauthorized use of a vehicle when "[t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle * * * without consent of the owner[.]" Unauthorized use of a vehicle is a Class C felony. ORS 164.135(2).

[2] ORS 819.300(1) provides that a person commits the offense of possession of a stolen vehicle "if the person possesses any vehicle which the person knows or has reason to believe has been stolen." Possession of a stolen vehicle is a Class C felony. ORS 819.300(2).

for the latter of the two charges (*i.e.*, possession of a stolen vehicle). Here, we find from the evidence, including the circumstances surrounding how youth obtained the car and its condition, that youth at least had reason to believe that the car that he had "rented" was stolen. *See* ORS 419A.200(5) (providing for *de novo* appellate review). Because the evidence proves at least one of the two grounds alleged in the petition, we affirm the juvenile court's finding of jurisdiction.

◼ Youth next challenges the juvenile court's authority to commit him to the custody of the OYA for up to five years. Youth argues that the commitment period imposed by the juvenile court violates ORS 419C.501 (1997)[3] because it exceeds the maximum duration of custody that would have been authorized under the sentencing guidelines had the act been committed by an adult. We resolved that issue in *State ex rel Juv. Dept. v. Johnson*, 168 Or App 81, 7 P3d 529 (2000). There, we interpreted ORS 419C.501 (1997) to limit the period of commitment for juvenile dispositions to the maximum period of commitment authorized under ORS 161.605, the statute that defines the maximum indeterminate sentence for a particular crime or offense. *Johnson*, 168 Or App at 85-86. ORS 161.605(3) provides that the maximum term of an indeterminate sentence for a Class C felony is five years. Thus, the commitment order here complies with ORS 419C.501 (1997), and we reject youth's argument to the contrary.

◼ Finally, youth challenges the juvenile court's imposition of $500 restitution, arguing that the state failed to prove that he caused the damage to the vehicle. *See State v. Potter*, 103 Or App 463, 465, 798 P2d 690 (1990) (restitution was improper in unauthorized use of vehicle case where the

---

[3] ORS 419C.501 (1997) provided:

"The duration of any disposition made pursuant to this chapter shall be fixed by the court and may be for an indefinite period. Any placement in the legal custody of the State Office for Services to Children and Families or the Oregon Youth Authority under ORS 419C.478 shall be for an indefinite period. However, in cases under ORS 419C.005, *the period of any disposition made pursuant to this chapter shall not exceed the maximum period of institutionalization or commitment authorized if the act had been committed by an adult.* The period of any disposition shall not extend beyond the date on which the youth offender becomes 25 years of age."

(Emphasis added.)

state did not show a causal relationship between the defendant's criminal activities and the damages). The state concedes that it did not prove that youth caused the damage to the car. We accept that concession and vacate the restitution portion of the order.

Restitution order vacated; otherwise affirmed.