Submitted November 29, 2007, reversed May 28, 2008

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ANTHONY DWANE BELL,**
aka Anthony Dwaine Bell, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
050834916; A131813

185 P3d 541

Peter Gartlan, Chief Defender, Legal Services Division, and Mary-Shannon Storey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Riggs, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for possession of a stolen vehicle, ORS 819.300, and unauthorized use of a vehicle, ORS 164.135. He assigns error to the trial court's denial of his motion for a judgment of acquittal on both charges. Defendant contends that the evidence was insufficient to prove that he knew that the vehicle he was driving was stolen. We agree and reverse.

The evidence, taken in the light most favorable to the state, is that, one morning at approximately 4:30 a.m., a police officer received a dispatch that a car that had been reported stolen was in his patrol area. Defendant drove past the officer in that car shortly thereafter. The officer pulled out behind defendant, and, after the officer followed him for a while but before he activated his overhead lights, defendant pulled the car over to the side of the road. Defendant had the proper car keys. The car had not been hot-wired, and it showed no signs of vandalism. The car had Oregon license plates.

Because the car had been reported stolen, the officer arrested defendant for possession of a stolen vehicle and unauthorized use of a vehicle. The state indicted defendant for both charges, alleging that defendant acted "knowingly."

The case was tried to the court. The state called two witnesses: the owner of the stolen car and the arresting officer. The owner of the car testified that his car, a 1998 Chevrolet Malibu, was worth approximately $5,000 to $6,000 at the time that it was stolen. The arresting officer testified that defendant had told him that, earlier in the evening, defendant had been approached by a stranger who asked whether he wanted to rent his car for $50. The officer commented that defendant did not explain how or when the vehicle was to be returned to its owner. On cross-examination, however, the officer acknowledged that he simply had not asked defendant about those matters.

After the state's case-in-chief, defendant moved for a judgment of acquittal, arguing that the state's evidence was insufficient to prove an element of the offenses—that is, defendant's actual knowledge that the car was stolen. The

court denied defendant's motion, and defendant rested without introducing any evidence. The court found defendant guilty of both charges.

■ On appeal, defendant contends that the trial court erred in denying his motion for a judgment of acquittal because the state did not prove that defendant had actual knowledge that the car was stolen. On review of a denial of a motion for a judgment of acquittal, we review the record and all reasonable inferences that may be drawn from it in the light most favorable to the state to determine whether a rational factfinder could have found all the elements of the offense beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995); *see State v. Jost/Oregon-Washington Recovery Co., Inc.*, 122 Or App 531, 533 n 1, 858 P2d 881 (1993) (providing that the same standard applies whether the factfinder is a judge or a jury). The only issue in this case is whether the state's evidence was legally sufficient to prove that defendant acted with the requisite mental state.

■ The parties agree that the state was required to prove that defendant acted "knowingly" for both of the charged offenses. With regard to the offense of possession of a stolen vehicle, a person commits that offense if "the person possesses any vehicle which the person knows or has reason to believe has been stolen." ORS 819.300(1). A person commits the crime of unauthorized use of a vehicle when "[t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner." ORS 164.135(1)(a). Although ORS 164.135 specifies no culpable mental state, because the state alleged in its indictment that defendant acted "knowingly," the state was required to prove that defendant *actually knew* that the car was stolen. *State v. Lane*, 341 Or 433, 440, 144 P3d 927 (2006) (concluding that the state was required to prove the culpable mental state alleged in the indictment despite the fact that the relevant offense statute specified no mental state); *see also* ORS 161.115(2) (providing that, "if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence").

ORS 161.085(8) provides:

> " 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists."

The state may prove a defendant's knowledge with circumstantial evidence and reasonable inferences flowing from that evidence. *Delgado v. Souders*, 334 Or 122, 135, 46 P3d 729 (2002). An inferred fact, however, must be one that a rational factfinder can be convinced follows beyond a reasonable doubt from the underlying facts. *State v. Bivins*, 191 Or App 460, 466-68, 83 P3d 379 (2004) (providing that evidence is insufficient to support an inference when it "requires 'too great an inferential leap'—that is, when the logic is too strained" or when it "requires the stacking of inferences to the point of speculation"). Whether the evidence supports a particular inference is a question of law. *Delgado*, 334 Or at 135.

In *State ex rel Juv. Dept. v. Mitchell*, 142 Or App 40, 44, 920 P2d 1103 (1996), we determined that the evidence did not support an inference that the passenger, who allegedly committed conduct constituting unauthorized use of a vehicle, knew that the vehicle was stolen. In that case, the vehicle's locks were punched and the ignition area damaged, the driver drove in a suspicious manner, and the passenger lied to the police about being in the vehicle. *Id.* at 42, 43. However, there was no evidence that the passenger actually perceived any damage to the vehicle. *Id.* at 43-44. We held that the evidence was not sufficient to establish that the passenger knew that the vehicle was stolen. *Id.* at 44.

In *State v. Shuneson*, 132 Or App 283, 287, 888 P2d 90 (1995), another unauthorized use of a vehicle case, we similarly concluded that the state had not proved that the defendant actually knew that the vehicle in which she was riding was stolen. In that case, the driver operated the vehicle recklessly as he and the defendant fled the scene of a robbery, and they abandoned the vehicle in an attempt to elude the police, including an officer who had discharged his weapon. *Id.* at 285. We determined that the evidence did not support a

reasonable inference that the defendant knew that the vehicle was stolen. *Id.* at 287.

By contrast, *State ex rel Juv. Dept. v. Hal*, 168 Or App 76, 78, 7 P3d 535 (2000), involved a youth who drove a stolen vehicle and was charged with conduct constituting both possession of a stolen vehicle and unauthorized use of a vehicle. In that case, the youth knew that the woman from whom he had rented the vehicle was a crack addict, the interior of the vehicle was stripped and wires hung from where the stereo had been, and the vehicle had out-of-state license plates. *Id.* We determined that that evidence was legally sufficient to prove, with regard to possession of a stolen vehicle, that the youth at least had "reason to believe" that the vehicle was stolen. *Id.* at 78-79.

In this case, defendant argues that none of the facts that permitted an inference of mere constructive knowledge, as in *Hal*, is in evidence in this case, in which the state was required to prove actual knowledge. According to defendant, in the absence of evidence of tampering or foul play with the car, the mere fact that he rented a car from a stranger is insufficient to prove that he knew that the car was stolen.

The state responds that, although there is admittedly no evidence of tampering or foul play, there is circumstantial evidence that permits a reasonable factfinder to infer defendant's actual knowledge. According to the state, in addition to the fact that defendant rented a car from a stranger for $50, there is evidence that "[d]efendant had no way to re-contact the stranger, no deadline to return the vehicle, and no location to deposit the vehicle. Those circumstances," the state insists, "lead to reasonable inferences that defendant both knew the car was stolen and knew that he did not have permission from the owner to operate the car."

Assuming for the sake of argument that such evidence would permit the inference that the state suggests, the problem remains that there is no such evidence in this record. There is no evidence one way or the other about whether defendant had a way to recontact the person who rented the car to him. There is likewise no evidence about whether defendant had a deadline to return the car. And there is a complete absence of evidence about whether defendant was

told where to return the car. For all we know, defendant did obtain contact information from the stranger and did negotiate a time and place to return the car. The fact is that the state simply failed to elicit evidence about those matters. Indeed, as we have noted, the officer explained at trial that he did not ask defendant about them.

■ The state cannot prove its case by relying on inferences to be drawn from an absence of evidence that it failed to establish at trial. On point in that regard is our opinion in *State v. Nuzman*, 194 Or App 351, 95 P3d 252 (2004). In that case, the issue was the sufficiency of the evidence to show that the defendant had failed to pay child support "without lawful excuse." *Id.* at 353. The state asserted that the record was sufficient because the fact that the defendant was not incarcerated and was not on public assistance during the period of nonpayment gave rise to an inference that he was capable of earning wages at the time. *Id.* at 356. We noted that, even assuming that such facts could support the inference, the problem was that there was no evidence one way or the other that the defendant was not on public assistance and not incarcerated. *Id.* The state insisted that there was no evidence that the defendant *was* incarcerated, and so it was permissible to infer that he was not. *Id.* We rejected the contention, holding that there were no *facts* in the record from which to draw any such inferences. *Id.*

■ The same is true of the state's reliance in this case on the absence of evidence about the details of the car rental transaction. We are left, then, with evidence that (1) defendant pulled over when he was followed by a police officer; (2) he was driving a car that had been reported stolen; and (3) he told the arresting officer that he had rented the car from a stranger for $50. The state identifies no other evidence relevant to defendant's knowledge, and we are aware of none. Arguably, the evidence is sufficient to permit a rational factfinder to find beyond a reasonable doubt that defendant *should have known* that something was not right about the rental arrangement. But, even viewing that evidence in the light most favorable to the state, it is simply insufficient to permit a finding beyond a reasonable doubt that defendant *actually knew* that the car was stolen and that he did not

have the consent of the owner to drive it. Defendant's motion for a judgment of acquittal should have been granted.

Reversed.