Submitted January 8, reversed February 24, 2016

In the Matter of B. B. S.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

B. B. S.,
*Appellant.*

Yamhill County Circuit Court
13JU00606, 13JU01143, 14JU01589;
A157468

368 P3d 78

Susan D. Isaacs filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

PER CURIAM

## PER CURIAM

Youth appeals from a judgment finding him within the juvenile court's jurisdiction for conduct that, had it been committed by an adult, would constitute the crimes of unauthorized use of a vehicle and possession of a stolen vehicle. On appeal, youth contends that there was insufficient evidence to support a reasonable inference that he knew that the vehicle was stolen and, accordingly, the juvenile court should have granted his motion for judgment of acquittal.[1] The state, noting that the "parties stipulated to the facts contained in the police reports and two additional statements," observes that nothing in those facts "explained how youth and his companions obtained the car, whether youth was present at the time, whether the driver told youth anything about the vehicle, or whether youth would have seen or noticed anything unusual about the vehicle." Accordingly, the state concedes that the stipulated facts do not permit "the finder of fact to conclude that youth knew the vehicle was stolen," and, therefore, those facts are insufficient to support the court's jurisdictional finding on the basis of that conduct. We agree and accept the state's concession. *See State v. Simonov*, 358 Or 531, 368 P3d 11 (2016) (state required to prove that a defendant knew that the use of the vehicle was without the owner's consent in a prosecution for the crime of unauthorized use of a vehicle under ORS 164.135(1)(a)); *State ex rel Juv. Dept. v. Mitchell*, 142 Or App 40, 43-44, 920 P2d 1103 (1996) (evidence that a vehicle's locks were punched in, the ignition was damaged, the driver was operating the vehicle in a suspicious manner, and the passenger lied to the police about being in the vehicle, in the absence of evidence that the passenger actually perceived any damage to the vehicle, was insufficient to establish that the passenger knew that the vehicle was stolen).

Reversed.

---

[1] As the state points out, the appropriate mechanism to challenge the sufficiency of the evidence in a juvenile proceeding is a motion to dismiss rather than a motion for judgment of acquittal. *See State v. G. L. D.*, 253 Or App 416, 424 n 4, 290 P3d 852 (2012), *rev den*, 354 Or 597 (2013). However, as the state acknowledges, we typically treat a youth's motion for judgment of acquittal as a motion to dismiss. *Id.*